Filed 9/10/24  In re Da.M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Da.M., et al., Persons Coming Under the Juvenile Court Law. | H051836<br>(Monterey County<br> Super. Ct. Nos. 22JD000101,<br> 22JD000102, 22JD000103) |
| MONTEREY COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>D.M.,<br><br>     Defendant and Appellant. | |

**MEMORANDUM OPINION**[1]

At the 12-month review hearing in dependency proceedings, the juvenile court terminated reunification services for appellant, D.M. (Father), with his minor children, Da.M. (born 2017), N.M. (born 2020), and A.M. (born 2021).  Father appeals the court's findings and orders solely on the basis that respondent, Monterey County Department of Social Services (Department), failed to comply with the notice requirements of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA).  The Department concedes the

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

issue. Consistent with the guidance of our Supreme Court, we conditionally reverse and remand the case for the limited purpose of ensuring compliance with the inquiry and notice requirements of ICWA. (*In re Dezi C.* (Aug. 19, 2024, No. S275578) ___Cal.5th___ [2024 Cal. LEXIS 4634, at *40] ["when an initial [ICWA] inquiry is inadequate, conditional reversal is warranted in order to develop the record and cure the inadequacy"] (*In re Dezi C.*).)

In October 2022, the Department initiated dependency proceedings under Welfare and Institutions Code section 300, subdivision (b),[2] based on allegations that the children were at substantial risk of physical harm due to the parents' substance abuse and domestic violence. The juvenile court placed the children temporarily in foster care while the Department investigated potential relative placements.

At the detention hearing, Mother, K.W. (Mother), signed and filed a parental notification of Indian status form denying Indian heritage.[3] (See Judicial Council Forms, form ICWA-020.) Father signed and filed the same form, indicating potential membership with the Ohlone Costanoan Esselen Nation tribe (Ohlone tribe) in California, which was not a federally recognized tribe. The Department interviewed Mother and Mother's brother, and both stated that they had no Indian heritage. Father stated that his close relatives, including his sister, were members of the Ohlone tribe. The Department made inquiries to the tribe, but the tribe's representative stated it needed more information regarding Father's family members to determine eligibility. Although the Department had contact with (or had contacts for) Father's close relatives, including paternal grandfather and aunts, the Department did not ask them about their Indian heritage.

---

[2] Unless otherwise specified, all undesignated statutory references are to the Welfare and Institutions Code.

[3] Because the federal and state statutes use the term "Indian," we do the same for consistency. No disrespect is intended.

Based on these facts, the Department concluded that ICWA did not apply. The juvenile court agreed and found the same at the combined jurisdiction and disposition hearing. At subsequent hearings, neither the Department nor the court further inquired about Father's Indian heritage. The court terminated Father's reunification services at the 12-month review hearing, which Father now appeals.[4]

We agree with the parties that there was an insufficient investigation regarding the children's Indian ancestry. Under California law—adopted in accordance with ICWA— the juvenile court and Department have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a).) When a child is taken into temporary custody, the Department must inquire of "the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child" about whether the child is or may be an Indian child. (§ 224.2, subd. (b).) Here, the Department did not conduct an adequate initial inquiry by failing to interview the extended family members of the parents, even though such contact information was available to the Department. We therefore conditionally reverse and remand this matter for the limited purpose of assuring compliance with ICWA. (*In re Dezi C.*, *supra*, ___Cal.5th at pp.__ [2024 Cal. LEXIS 4634, *23-40].)

### DISPOSITION

The findings and orders entered on December 19, 2023, are conditionally reversed. The matter is remanded for the limited purpose of ensuring compliance with the inquiry and notice requirements of ICWA. If upon sufficient compliance, the court finds that ICWA does not apply, it may reinstate its prior order entered on December 19, 2023,

---

[4] The juvenile court had initially set the 12-month review hearing for December 12, 2023, but continued the hearing to December 19, 2023, at Father's request. Father's notice of appeal identifies both December dates for the appealed orders. Since Father did not raise any arguments concerning the December 12 order continuing the hearing, we construe his appeal to be solely of the findings and orders entered on December 19, 2023, in relation to the 12-month review hearing.

without the need for further proceedings.  If, however, the juvenile court determines that further action is required to satisfy ICWA requirements, it shall conduct proceedings accordingly.

_____

Greenwood, P. J.


WE CONCUR:




_____

Grover, J.






_____

Danner, J.




H051836 - In re Da.M. et al.; Monterey County DSS v. D.M.